# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE L. BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-00163-GMN-DJA |
| vs. ) | |
| ) | **ORDER** |
| LIBERTY COUNTY MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Liberty County Mutual Insurance Company's ("Defendant's") Motion to Dismiss, (ECF No. 6).  Plaintiff Ronnie Brown ("Plaintiff") filed a Response, (ECF No. 9), and Defendant filed a Reply, (ECF No. 10).

Also pending before the Court is Defendant's Motion to Strike, (ECF No. 15), the Amended Complaint, (ECF No. 14).  Plaintiff filed a Response, (ECF No. 17), and Defendant filed a Reply, (ECF No. 18).

Also pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 16).  Defendant filed a Response, (ECF No. 20), and Plaintiff filed a Reply, (ECF No. 21).

For the reasons discussed below the Court **GRANTS** Defendant's Motion to Strike and Plaintiff's Motion for Leave to File an Amended Complaint.  The Court **DENIES as moot** Defendant's Motion to Dismiss.

## I.    BACKGROUND

This case arises from Plaintiff's claim to underinsured motorist insurance coverage benefits after sustaining injuries in a motor vehicle accident that occurred in Grapevine, Texas. (Compl. ¶¶ 6, 8–10, ECF No. 1).  Plaintiff, whose damages from the accident allegedly total

$195,000.00, sought insurance coverage benefits from Defendant up to the policy limit of $100,000.00. (*Id.* ¶¶ 12–13). Plaintiff alleges that Defendant offered only $500.00 in coverage benefits to Plaintiff. (*Id.* ¶ 14).

Plaintiff commenced this action by filing the Complaint on January 23, 2020. (*See generally id.*, ECF No. 1). The Complaint seeks to recover damages for Defendant's alleged breach of the implied covenant of good faith and fair dealing, breach of contract, and breach of statutory duties under Texas law. (*Id.* ¶¶ 25–46). Plaintiff's original Complaint also asserts claims for declaratory and injunctive relief, supplemental relief, and punitive damages. (*Id.* ¶¶ 47–62).

On February 18, 2020, Defendant moved to dismiss the Complaint, arguing: (1) the Court does not have personal jurisdiction over Defendant; (2) Plaintiff failed to properly serve process; and (3) the Complaint fails to state plausible claims for declaratory and injunctive relief. (*See* Mot. Dismiss ("MTD") 3:1–11:2, ECF No. 6). The Motion to Dismiss is fully briefed. (*See* MTD Resp., ECF No. 9); (MTD Reply, ECF No. 10).

On May 5, 2020, Plaintiff attempted to file an Amended Complaint without seeking leave of Court or consent of Defendant. (*See* Am. Compl., ECF No. 14). Defendant moved to strike the Complaint because it was improperly filed. (*See* Mot. Strike, ECF No. 15). Plaintiff concedes that the Amended Complaint was improperly filed, and he asks that the Amended Complaint be stricken. (Resp. Mot. Strike 4:4–5, ECF No. 17) ("Plaintiff apologize [sic] to the Court and opposing Counsel for this oversight, and respectfully request [sic] that the Court strike said pleading without prejudice.").[1]

Plaintiff now seeks leave of Court to file the Amended Complaint, (*See* Mot. Leave File Am. Compl. ("Mot. Am."), ECF No. 16). Defendant opposes the Motion, arguing that the

---

[1] Given Plaintiff's request that the Amended Complaint be stricken, the Court **GRANTS** Defendant's Motion to Strike, (ECF No. 15).

1  proposed amendment would be futile and prejudice Defendant. (*See* Resp. Mot. Am. 1:2–11,
2  ECF No. 20).

3  **II.    LEGAL STANDARD**

4       Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave
5  [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Four factors are commonly
6  used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue
7  delay, prejudice to the opposing party, and futility of amendment.  These factors, however, are
8  not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.*"
9  DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).  "[I]t is
10  the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence
11  Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "The party opposing
12  amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

13       In addition to the Rule 15(a) requirements, the District of Nevada's Local Rules require
14  that a plaintiff submit a proposed amended complaint along with a motion to amend. LR 15-
15  1(a).  If the court grants leave to amend, "the moving party must then file and serve the
16  amended pleading." LR 15-1(b).

17  **III.   DISCUSSION**

18       Defendant argues in the Motion to Dismiss that the Court lacks personal jurisdiction
19  because Defendant is neither a citizen of Nevada nor has sufficient minimum contacts with the
20  forum state. (MTD 4:21–7:28).  Defendant argues in its Response to Plaintiff's Motion to
21  Amend that the Court should deny leave to amend because the proposed amendment does not
22  cure the jurisdictional pleading deficiencies, Plaintiff's request is in bad faith, and granting
23  leave to amend would prejudice defendant. (Resp. Mot. Am. 4:6–10:23, ECF No. 20).[2]  The

24

25

---

[2] Defendant does not raise improper service or failure to state a claim in support of its argument that the
proposed amendment would be futile. (*Compare* MTD 8:1–10:25); (*with* Resp. Mot. Am. 6:20–8:23).

Court begins its discussion with the Motion to Amend because, if granted, Defendant's Motion to Dismiss will become moot.

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  If the district court decides the motion without an evidentiary hearing, which is the case here, then "the plaintiff need only make a prima facie showing of the jurisdictional facts." *Id.* (citation omitted).  Absent an evidentiary hearing this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995).  Uncontroverted allegations in the plaintiff's complaint must be taken as true. *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1995).  "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065.  Thus, the Due Process Clause of the Fourteenth Amendment is the relevant constraint on Nevada's authority to bind a nonresident defendant to a judgment of its courts. *Cf. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  The Due Process Clause requires that the nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

A court determines sufficient minimum contacts either through "specific jurisdiction," where the defendant's specific interaction with the forum relating to the cause of action gives rise to the contacts; or through "general jurisdiction," where the contacts with the forum are systematic and continuous, warranting the exercise of personal jurisdiction. *See id.*  Here, only specific jurisdiction is at issue. (*See* Proposed Am. Compl. ("Am. Compl.") ¶¶ 3–8, Ex. 2 to Mot. Am., ECF No. 16) ("In light of the above, Plaintiff believes, and thereon asserts, that Defendant LIBERTY purposefully availed itself of opportunities to conduct business in the State of Nevada, and is therefore subject to personal specific jurisdiction in Nevada on claims arising out of that contact.").

To establish specific jurisdiction, the Proposed Amended Complaint alleges that, when Defendant offered Plaintiff an insurance policy and accepted Plaintiff's premium payments, "Defendant LIBERTY knew that: (a) Plaintiff was a resident of Nevada; (b) the subject automobile would be operated and maintained on a regular basis by Plaintiff in Nevada, and (c) Plaintiff was responsible and would be making payment of all premiums associated with the 2014 policy changes in question." (Am. Compl. ¶ 14); (*see also id.* ¶¶ 3–8, 11–13).  Defendant responds that the Amended Complaint is futile because "Plaintiff appears to attempt amendment solely for the purpose of supplementing his position regarding personal jurisdiction by reference to an alleged phone call, the desired new allegation is immaterial, and therefore futile." (Resp. Mot. Amend. 7:6–9).[3]  The Court concludes that, in the absence of evidence to the contrary, Plaintiff's allegations establish the Court's specific jurisdiction over Defendant.

---

[3] Defendant appears to be referencing the following allegation in the Amended Complaint: "Sometime prior to May 30, 2014, a long-distance telephone conference was held between the Plaintiff, Defendant's named insured under it's [sic] 2014 existing policy, and Defendant's insurance sales agent, wherein said sales agent discussed and obtained from the Plaintiff certain insurance rating and other information regarding Plaintiff and his 2008 Mercedes Benz S-550 automobile . . . including whether he desired additional or increased coverages on said policy." (Am. Compl. ¶ 12).

In *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957), the United States Supreme Court held that a defendant-insurer has sufficient contacts with the forum state to confer specific jurisdiction when the defendant issued an insurance policy with knowledge that the plaintiff resided in the forum state, accepted premium payments from the forum, and knew that insurance benefits would be paid in the forum. 355 U.S. 220, 223 (1957) ("It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. . . . The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died."). Here, Plaintiff alleges that Defendant issued Plaintiff an insurance policy with knowledge that he resided in Nevada, accepted premium payments from Nevada, and knew that the insured's vehicle would be used in Nevada. (Am. Compl. ¶ 14). Accordingly, irrespective of whether the long-distance call was a sufficient minimum contact to establish specific jurisdiction, Plaintiff's other allegations confer this Court's jurisdiction over Defendant.

The Court must accept Plaintiff's allegations in the Proposed Amended Complaint as true because Defendant has not produced evidence to the contrary. *AT&T*, 94 F.3d at 588. Defendant alleges that "Plaintiff seeks benefits pursuant to a Texas policy issued to a Texas resident (someone else), for a Texas accident that occurred in 2018 . . . ." (Resp. Mot. Am. 8:15–20). However, the disputed insurance policy itself and related documentation are not among the Exhibits that Defendant produced in support of its Motion to Dismiss. (*See* Exs. 1–4 to Mot. Dismiss, ECF Nos. 6-1–6-4).[4] The Court therefore is left without evidence to evaluate

---

[4] Defendant's proffered evidence accompanying the Motion to Dismiss does little to support its position. Exhibit 1, entitled "Nevada Division of Insurance Analysis," merely provides screenshots showing that Defendant's business does not appear from a search of the Nevada Division of Insurance website. (See Nev. Div. Ins. Analysis, Ex. 1 to MTD, ECF No. 6-1). Defendant does not explain the meaning of the Exhibit, and it may only show that Defendant is not "at home" and subject to general jurisdiction in Nevada. The same is true of Exhibits 2 and 3—Defendant's Annual Statement and the Texas Division of Insurance Report—which show that Defendant is, in fact, a Texas company. (Annual Statement and Texas Div. Ins. Report, Exs. 2–3 to MTD, ECF No. 6-2, 6-3).

1  the veracity of Defendant's allegations and must accept Plaintiff's allegations as true. *See*

2  *Schwarzenegger*, 374 F.3d at 800.  Thus, the Court may presently exercise personal jurisdiction

3  over Defendant.

4         Given that the Court finds that the Proposed Amended Complaint establishes personal

5  jurisdiction, and Defendant's argument that amendment would be futile depends exclusively on

6  the Court's alleged absence of personal jurisdiction over Defendant, Defendant has not shown

7  futility of amendment.  Nor can Defendant establish prejudice.  Defendant argues that granting

8  leave to amend will cause prejudice because amendment will moot the fully briefed motion to

9  dismiss and delay dismissal of the Complaint. (*See* Mot. Am. 5:25–6:19).  The argument

10  incorrectly assumes that Plaintiff's proposed amendment is futile for failure to adequately

11  allege personal jurisdiction. (*See id.* 6:5–16) ("Delay in this regard is also not justifiable

12  because the proposed amendment cannot resolve the dispute regarding the ability for any

13  personal jurisdiction for Defendant . . . .").  Given that the Court has concluded above that the

14  proposed amendment alleges sufficient facts for the Court to exercise personal jurisdiction over

15  Defendant, it would be error for the Court to dismiss without leave to amend. *Swartz v. KPMG*

16  *LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (quoting M*cKesson HBOC, Inc. v. N.Y. State Common*

17  *Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003)) ("Assuming a substantive or

18  jurisdictional defect in the pleadings, "[d]ismissal without leave to amend is proper only if it is

19  clear, upon de novo review, that the complaint could not be saved by any amendment.").

20         Here, because the Amended Complaint shows that Plaintiff can amend the Complaint in

21  a manner that confers personal jurisdiction over Defendant, the Court must provide leave to

22  amend.  Although Plaintiff is correct that the Motion to Amend provides Plaintiff a means to

---

24  Defendant does produce a payment notice that Kenneth W. Chism ("Chism") is the insured and made a payment
under the policy. (See Ex. 1 to MTD Reply, ECF No. 10-1).  However the evidence is not sufficient to rebut the
25  allegations in the Proposed Amended Complaint because it does not show: (1) where Chism lived; (2) that
Defendant did not know the vehicle would be serviced and operated in Nevada; or (3) that Plaintiff did not make
other premium payments on the policy from Nevada with Defendant's knowledge.

overcome a deficient Response to the Motion to Dismiss, that alone does not establish prejudice.  Thus, Defendant has not established any factor that cautions against providing leave to amend.  The Court therefore grants Plaintiff's request for leave to amend and denies the pending Motion to Dismiss as moot.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, (ECF No. 6), is **DENIED as moot**.

IT IS FURTHER ORDERED that Defendant's Motion to Strike, (ECF No. 15), is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File an Amended Complaint, (ECF No. 16), is **GRANTED**.  Plaintiff shall file the Amended Complaint within twenty-one (21) days from entry of this Order.

DATED this ___20___ day of September, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT