# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE L. BROWN, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:20-cv-00163-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| LIBERTY COUNTY MUTUAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is Defendant Liberty County Mutual Life Insurance Company's ("Defendant's") Motion to Change Venue and/or Dismiss, (ECF No. 28). Plaintiff Ronnie L. Brown ("Plaintiff") filed a Response, (ECF No. 32), and Defendant filed a Reply, (ECF No. 34).

Also pending before the Court is Defendant's Motion for Leave to File Supplement, (ECF No. 37). Plaintiff did not file a Response.

Also pending before the Court is Defendant's Motion for Summary Judgment, (ECF No. 38). Plaintiff filed a Response, (ECF No. 45), and Defendant filed a Reply, (ECF No. 46).

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss and **DENIES as moot** the remaining Motions.

## I. BACKGROUND

This case arises from Plaintiff's claim to insurance coverage benefits after sustaining injuries in a motor vehicle accident that occurred in Grapevine, Texas. (*See generally* Am. Compl., ECF No. 14). In the Complaint, Plaintiff alleges that Defendant established minimum contacts with Nevada by accepting insurance premium payments from Plaintiff while Plaintiff resided in Nevada. (*See* Am. Compl. ¶ 7). Defendant now moves this Court to dismiss the

Complaint for want of personal jurisdiction or to change venue. (*See* Mot. Dismiss or Change Venue ("MTD"), ECF No. 28)

## II.     <u>LEGAL STANDARD</u>

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant raises the defense, the burden falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff can carry its burden only by presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." NRS 14.065. Thus, the Due Process Clause of the Fourteenth Amendment is the relevant constraint on Nevada's authority to bind a nonresident defendant to a judgment of its own courts. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

The Due Process Clause requires that the nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make "a prima facie showing of jurisdictional facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248

1  F.3d 915, 922 (9th Cir. 2001)). When analyzing such a 12(b)(2) motion, "the court resolves all
2  disputed facts in favor of the plaintiff." *Id.*

3  **III.    <u>DISCUSSION</u>**

4      Defendant primarily argues that the Court should dismiss the Complaint because the
5  Court lacks personal jurisdiction over Defendant. (*See* MTD, ECF No. 28). Defendant
6  contends, with supporting evidence, that it has no contacts with Nevada as Defendant operates
7  in Texas, the case concerns an insurance policy issued to a Texas resident, and Defendant has
8  had no intentional contacts with Nevada. (*Id.* 6:11–11:13).

9      In Response, Plaintiff provides no evidence of Defendant's contacts with Nevada. (*See*
10 Pl.s MTD Resp., ECF No. 32). Rather, he argues, "this Court exercised specific jurisdiction
11 over defendant based upon its findings that 'when Defendant offered Plaintiff an insurance
12 policy and accepted Plaintiff's premium payments, Defendant LIBERTY knew that: (a)
13 Plaintiff was a resident of Nevada; (b) the subject automobile would be operated and
14 maintained on a regular basis by Plaintiff in Nevada; and (c) Plaintiff was responsible and
15 would be making payment of all premiums associated with the 2014 policy changes in
16 question." (*Id.* 2:14–19) (quoting Order, ECF No. 23).

17     Plaintiff is mistaken. The Court did not hold that it had personal jurisdiction over
18 Defendant. Rather, when assessing whether to grant leave to amend, the Court concluded that
19 amendment would not be futile because the Proposed Amended Complaint adequately alleged
20 facts that would provide personal jurisdiction over Defendant, and Defendant did not address
21 the newly alleged facts in its Response to the Motion for Leave to File an Amended Complaint.
22 (*See* Order 5:10–20). Accordingly, the Court permitted leave to amend and denied the Motion
23 to Dismiss for lack of personal jurisdiction as moot. (*Id.*). However, the Court did not make a
24 "finding" that it could properly exercise personal jurisdiction over Defendant. (*Id.*).
25

Now that Defendant has renewed its jurisdictional motion, Plaintiff bears the burden to provide evidence substantiating the allegations that, if true, would provide personal jurisdiction over Defendant. *Boschetto*, 539 F.3d at 1015; *Ziegler*, 64 F.3d at 473. Plaintiff fails to provide any evidence in rebuttal. Plaintiff bears the burden to furnish evidence indicating that the Court may properly exercise jurisdiction over Defendant, and his failure to do so is fatal to his ability to maintain his action in this Court. Accordingly, the Court grants dismissal of the case for lack of personal jurisdiction.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Change Venue and/or Dismiss, (ECF No. 28), is **GRANTED**. The Court dismisses the case for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Supplement, (ECF No. 37), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, (ECF No. 38), is **DENIED as moot**.

The Clerk of Court shall close the case.

Dated this 13 day of July, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT